IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DKT INTERNATIONAL, INC., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES AGENCY FOR )<br>INTERNATIONAL DEVELOPMENT )<br>and ANDREW S. NATSIOS, in his )<br>Official Capacity as Administrator, United )<br>States Agency for International Development, )<br>)<br>    Defendants. )<br>_____) | Civil Action No. 05-01604 |

**JOINT STATEMENT OF UNDISPUTED FACTS**

Pursuant to the Court's Order of October 12, 2005, and for the purposes of resolving the pending motions, the parties hereby submit the following Joint Statement of Undisputed Facts:

1.    The United States Leadership Against HIV/AIDS, Tuberculosis and Malaria Act of 2003 ("Leadership Act") was enacted in May 2003.  Defts' Motion to Dismiss, Ex. A.

2.    On June 9, 2005, the United States Agency for International Development ("USAID") issued USAID Acquisition and Assistance Policy Directive ("AAPD") 05-04, which implements the Leadership Act.  Mem. of Law in Support of DKT International's Application for Preliminary Injunction ("Pl's PI Mem."), Ex. 2; Defts' Mot. to Dismiss, Ex. D.

3.    AAPD 05-04 provides that "[p]rior to receiving HIV/AIDS funds under a grant or cooperative agreement, U.S. and non-U.S. non-nongovernmental organizations that are prime recipients must provide a certification that they are in compliance with the standard provisions 'Condoms' and 'Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking. . . .'   AAPD 05-04 at 3.

4. The standard provision entitled "Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking" states as follows:

The following must be included in the Standard Provisions of any grant or cooperative agreement or subagreement funded with FY04-FY08 HIV/AIDS funds with a U.S. nongovernmental organization, non-US., non-governmental organization or public international organizations.

PROHIBITION ON THE PROMOTION OR ADVOCACY OF THE LEGALIZATION OR PRACTICE OF PROSTITUTION OR SEX TRAFFICKING (ASSISTANCE) (JUNE 2005)

(a) The U.S. Government is opposed to prostitution and related activities, which are inherently harmful and dehumanizing, and contribute to the phenomenon of trafficking in persons. None of the funds made available under this agreement may be used to promote or advocate the legalization or practice of prostitution or sex trafficking. Nothing in the preceding sentence shall be construed to preclude the provision to individuals of palliative care, treatment, or post-exposure pharmaceutical prophylaxis, and necessary pharmaceuticals and commodities, including test kits, condoms, and, when proven effective, microbicides.

(b) Except as noted in the second sentence of this paragraph, as a condition of entering into this agreement or any subagreement, a non-governmental organization or public international organization recipient/subrecipient must have a policy explicitly opposing prostitution and sex trafficking. The following organizations are exempt from this paragraph: the Global Fund to Fight AIDS, Tuberculosis and Malaria; the World Health Organization; the International AIDS Vaccine Initiative; and any United Nations agency.

(c) The following definition applies for purposes of this provision:

Sex trafficking means the recruitment, harboring, transportation, provision, or obtaining of a person for the purpose of a commercial sex act. 22 U.S.C. 7102(9).

(d) The recipient shall insert this provision, which is a standard provision, in all subagreements.

(e) This provision includes express terms and conditions of the agreement and any violation of it shall be grounds for unilateral termination of the agreement by USAID prior to the end of its term.

(End of Provision)

AAPD 05-04 at 5.

5. AAPD 05-04 further provides that "[b]efore a U.S. or non-U.S. nongovernmental

organization receives FY04-FY08 HIV/AIDS funds under a grant or cooperative agreement, such recipient must provide to the Agreement Officer a certification substantially as follows:

> [Recipient's name] certifies compliance as applicable with the standard provisions entitled "Condoms" and "Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking" included in the referenced agreement.

AAPD 05-04 at 6.

6. The certification requirement contained in AAPD 05-04 only applies to prime recipients of USAID funds. AAPD 05-04 at 6

7. Plaintiff DKT International is a not-for-profit corporation with headquarters in Washington, D.C. Compl. ¶ 4.

8. DKT International provides family planning and HIV/AIDS prevention programming in various countries overseas, including Vietnam. Compl. ¶ 4.

9. DKT International has previously received USAID funds for HIV/AIDS prevention programs, Compl. ¶ 4, often through a subgrant of USAID funds from other direct grantees of USAID. Compl. ¶ 12.

10. DKT International also receives funds from other donors around the world for its anti-HIV/AIDS work, Compl. ¶ 12, including private, governmental, and international organizations. Compl. ¶ 29.

11. On September 26, 1997, USAID awarded a cooperative agreement to Family Health International ("FHI") to support a program of Regional and/or Country interventions in HIV/AIDS. Defts' Mot. to Dismiss, Ex. E, Declaration of Eduardo Elia ("Elia Decl."), ¶ 4. The award was made on the condition that funds would be administered in accordance with the terms and conditions set forth in 22 C.F.R. Part 226, as well as the agreement "Schedule," "Program Description" and "Standard Provisions." Id.

12. By letter, USAID and FHI have modified the agreement by providing prior approval to FHI to negotiate and make sub-awards of USAID funds up to $750,000. Elia Decl. ¶ 6 & Ex. B thereto. USAID CTO [Cognizant Technical Officer] clearance of sub-awards is required in accordance with the applicable provisions of the Cooperative Agreement. Id..

13. Under the terms of the FHI cooperative agreement, subrecipients, subawardees and subcontractors "have no relationship with USAID." Elia Decl. ¶ 7 & Ex. C.

14. USAID's cooperative agreement with FHI has been modified more than 60 times and currently provides for more than $440 million in expected funding for that organization through September 2007, Elia Decl. ¶ 9, which includes more than $5 million of FY05 funds for activities in Vietnam. Id. ¶ 10.

15. DKT International has received USAID funds as a subawardee of FHI since 1998. See Pl's Application for Preliminary Injunction, Ex. 1, Declaration of Lawrence C. Holzman ("Holzman Decl.") ¶ 7.

16. In June 2005, in the process of negotiating a no-cost extension of a previously awarded grant, FHI sent DKT International documents for its signature. Holzman Decl. ¶ 9. These documents included a "Certification Regarding Prostitution or Sex Trafficking and Accuracy of Information Regarding Condoms" on FHI letterhead, which required DKT International to certify as follows:

> As condition of entering into the referenced agreement, DKT INTERNATIONAL hereby certifies that it does not and will not promote the legalization or practice of prostitution or sex trafficking. In addition, DKT INTERNATIONAL will use its best efforts to ensure that its subcontractors or subgrantees do not and will not promote the legalization or practice of prostitution or sex trafficking. Nothing in the preceding sentence shall be construed to preclude the provision to individuals of palliative care, treatment, or post-exposure pharmaceutical prophylaxis, and necessary pharmaceuticals and commodities, including test kits, condoms, and, when proven effective, microbicides.
>
> DKT INTERNATIONAL hereby certifies that it has a policy explicitly opposing prostitution and sex trafficking.

- 4 -

> . . .
> This certification is an express term and condition of the agreement and any violation of it shall be grounds for unilateral termination of the agreement by FHI or USAID prior to the end of its term.

Holzman Decl., Ex. B.

17.     DKT International's country representative in Vietnam refused to sign the certification provided by FHI, and, on June 28, 2005, sought a waiver of FHI's certification requirement from FHI.  Holzman Decl. ¶ 10 & Ex. C.

18.     On July 5, 2005, FHI responded that "FHI will not be able to execute the no-cost extension unless DKT is able to sign the anti-prostitution statement.  Furthermore, we would not be able to support DKT for any activities with USAID funds if this is not signed."  Holzman Decl., Ex. D.

19.     On July 13, 2005, FHI's Country Director in Vietnam advised DKT International that he had "received guidance from FHI that we are able to proceed with the no-cost amendment of DKT's existing sub-agreement without DKT having to sign the anti-prostitution statement . . . because the funds for DKT's sub-agreement with FHI originated prior to the application of USAID guidance on anti-prostitution."  Holzman Decl., Ex. E.

20.     Concurrently with the discussions regarding the no-cost extension, in June 2005, FHI contacted DKT International regarding a condom lubricant proposal in Vietnam that had been the subject of prior discussions.  Holzman Decl., Ex. F.  On June 27, 2005, FHI emailed DKT the following:

> There was a discussion few months ago between FHI and DKT about DKT's lubricant proposal.  However, due to other programmatic issues, we were not able to continue with that.  Luckily, we have just got a good sign from USAID that we can still work with DKT on lubricant.  Since Dr. Bao the Program Manager will be leaving for Kobe on July 29, we would like to have a meeting with DKT tomorrow morning at about 9:00 am.  Does it fit with your schedule?

Id.

21. On July 28, 2005, FHI notified DKT International as follows:

> Further to our discussions regarding the development of packaging of lubricants and condoms, I have consulted with FHI's headquarters, and it will not be possible for FHI to fund DKT to carry out this work.
>
> It is FHI's policy that its subrecipients commit, among other things, to not promoting the legalization or practice of prostitution or sex trafficking. You have indicated that DKT declines to sign the certification form provided to you to that effect.
>
> The FHI policy and certification requirement is in compliance with FHI's Agreement with USAID, including USAID Acquisition and Assistance Policy Directive 05-04 issued June 9, 2005. Thus, FHI is unable to provide additional funding to DKT.

Holzman Decl. Ex. G.

22. The USAID Vietnam HIV/AIDS Program Manager is Dan Levitt. Elia Decl. ¶ 8.

23. DKT International has no policy explicitly opposing prostitution. Holzman Decl. ¶ 18.

Respectfully submitted,

FOR THE PLAINTIFF:

*/s/ Julie M. Carpenter*
_____
JULIE M. CARPENTER
D.C. Bar No. 418768
MARTINA E. VANDENBERG
D.C. Bar No. 476685
JENNER & BLOCK, LLP
601 13th Street, N.W.
Washington, DC 20005
(202) 639-6000

FOR THE DEFENDANTS:

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH J. WAINSTEIN
United States Attorney

*/s/ Rupa Bhattacharyya*
_____
JOSEPH H. HUNT, Director
VINCENT M. GARVEY, Deputy Director
RUPA BHATTACHARYYA
Senior Trial Counsel   (VA Bar No. 38877)
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20001
Tel: (202) 514-3146; Fax: (202) 318-7593