IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DKT INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-01604 (EGS) |
| ) | |
| UNITED STATES AGENCY FOR ) | |
| INTERNATIONAL DEVELOPMENT, ) | |
| *et al.* ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff DKT International, Inc. files this Notice and the attached decision granting preliminary injunctive relief against USAID in the case of *Alliance for Open Society Int'l, Inc. v. United States Agency for International Development*, slip op. (No. 05 Civ. 8206, S.D.N.Y. May 9, 2006) (attached as Exhibit A). This decision was issued yesterday, in a case challenging, on First Amendment grounds, the same provisions plaintiff challenges before this Court: 22 U.S.C. § 7631(f)) and AAPD 05-04, the USAID Acquisition and Assistance Policy Directive that implements that statutory provision.

In his decision, Judge Marrero granted the plaintiffs' request for preliminary relief enjoining USAID from enforcing its requirement that organizations "have a policy explicitly opposing prostitution and sex trafficking . . . ." He did so because he found that the policy violated the First Amendment in a variety of ways. First, applying heightened scrutiny, Judge Marrero held that the USAID policy requirement provision was not narrowly tailored to achieve Congress' goals. *Slip. op.* at 92. In addition, he held that the provision violated the First

Amendment because it improperly applied its viewpoint discriminatory restrictions to plaintiffs' private funds. *Id.* at 98. And finally, he concluded that the provision unconstitutionally compelled speech. *Id.* at 105.

Plaintiff DKT respectfully notes that under the logic of Judge Marrero's decision, USAID's application of the policy requirement provision to DKT and other U.S.-based non-governmental organizations similar to AOSI violates the First Amendment. However, counsel for Plaintiff DKT spoke with counsel for the government on May 10, 2006, seeking assurances that based on the ruling in *Alliance for Open Society Int'l*, USAID would no longer require the anti-prostitution policy as a condition of DKT accepting USAID funds. Counsel for the government was unable to make any representations providing such assurances. Thus, as it has been since it requested injunctive relief last August, DKT is, and may continue to be, stalled in Vietnam until this Court rules in this case. In light of the supplemental authority, and the nine months DKT has gone without USAID funding for its anti-HIV and AIDS program in Vietnam, plaintiff DKT respectfully seeks a ruling from this Court.

Respectfully submitted,

DKT INTERNATIONAL, INC.

By _____
One of Plaintiff's Attorneys

Julie M. Carpenter, D.C. Bar No. 418768
Martina E. Vandenberg, D.C. Bar No. 476685
JENNER & BLOCK LLP
601 13th Street, N.W.
Washington, DC 20005
(202) 639-6000

OF COUNSEL
David S. Udell*
Rebekah Diller*
Laura K. Abel*

Brennan Center for Justice at NYU School of Law
161 Avenue of the Americas
12th Floor
New York, NY  10013
(212) 998-6730
\* Not admitted in the District of Columbia

Date: May 10, 2006

## CERTIFICATE OF SERVICE

  The undersigned certifies that on this, the 10th day of May 2006, a true and correct copy of the foregoing document, Plaintiff's Notice of Supplemental Authority, was delivered via facsimile transmission to:

Rupa Bhattacharyya
Senior Trial Counsel
Federal Programs Branch, Civil Division
U.S. Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, DC 20001

and by U.S. Mail to:

Maureen Browne
Aduci, Mastriana & Schaumberg LLP
1200 17th Street, NW
Washington, DC 20036
Counsel for *Amici* Apne AAP, *et al.*

Caroline M. Brown
Karin L. Kizer
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Counsel for *Amici* AIDS Action, *et al.*

                 _____
                 Julie M. Carpenter