IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DKT, INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-01604 |
| UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR CLARIFICATION
AND AMENDMENT OF ORDER ENTERED MAY 18, 2006**

Pursuant to Federal Rule of Civil Procedure 59, defendants hereby seek clarification and amendment of the Order entered by the Court on May 18, 2006 (Docket No. 33, hereinafter "May 18 Order").[1] Specifically, by this motion, defendants seek to clarify that the Court's order that "defendants are permanently ENJOINED from enforcing . . . AAPD 05-04," was intended – consistent with the balance of the May 18 Order, and its accompanying Memorandum Opinion (Docket No. 34) – to enjoin defendants only from enforcing AAPD 05-04 to the extent that it requires plaintiff DKT International, Inc. ("DKT"), to certify that it has an institutional policy explicitly opposing prostitution and sex trafficking.  Similarly, defendants seek to clarify that the Court's order that the "United States Agency for International Development ("USAID") is directed to inform Family Health International ("FHI") that DKT is not required to sign any certification requirement, pursuant to AAPD 05-04, in order to be eligible for USAID funding"

---

[1] Defendants are still considering an appeal from the May 18 Order, and nothing herein, or in the proposed order submitted contemporaneously herewith, should be construed to constitute waiver of any right of appeal or of any argument that might be made on any appeal.

was intended – consistent with the balance of the May 18 Order and its accompanying Memorandum Opinion – to direct USAID only to inform FHI that DKT is not required to certify that it has an institutional policy explicitly opposing prostitution and sex trafficking in order to be eligible for USAID funding. Because these clarifications are consistent with the Court's opinion, and because the May 18 Order as currently framed prevents USAID from enforcing provisions of AAPD 05-04 that were not at issue in this litigation, defendants respectfully request that the Court vacate the May 18 Order and enter a superceding order in the form provided herewith.[2]

## ARGUMENT

On May 18, 2006, the Court granted plaintiff's Motion for Summary Judgment and denied defendants' Motion to Dismiss, finding that "22 U.S.C. § 7631(f) of the United States Leadership Against HIV/AIDS, Tuberculosis, and Malaria Act of 2003 ("Leadership Act") is unconstitutional in violation of the First Amendment as applied to DKT to the extent that it requires DKT to have a policy explicitly opposing prostitution and sex trafficking." May 18 Order at 1. The Court also found that USAID's "Acquisition and Assistance Policy Directive 05-04 ("AAPD 05-04") is unconstitutional in violation of the First Amendment as applied to DKT to the extent that it requires DKT to certify that it has an institutional policy explicitly opposing prostitution and sex trafficking." Id. at 1-2. In light of these findings, the Court enjoined defendants from "enforcing 22 U.S.C. § 7631(f) and AAPD 05-04 against DKT." Id. at 2. The Court also directed USAID to inform Family Health International ("FHI"), a non-party to this litigation, that DKT is not required to "sign any certification requirement, pursuant to AAPD 05-

---

[2] On May 25, 2006, undersigned counsel for defendants spoke with counsel for plaintiff, Julie Carpenter, Esq., who indicated that plaintiff did not object to the relief requested herein.

04, in order to be eligible for USAID funding."[3]  Id.

AAPD 05-04 is the policy directive of USAID that implements the Leadership Act and other statutory provisions and "provide[s] clauses to be included as new standard provisions for assistance agreements and contracts that include HIV/AIDS funds."  AAPD 05-04 at 2, attached hereto as Ex. A.  These "standard provisions" include the clause at issue in this case, which implements 22 U.S.C. § 7631(f), see AAPD 05-04 at 5, 7 (standard provision entitled "Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking [] (June 2005)," para. (b)), but also includes other clauses that implement other statutory provisions that were not at issue in this case.  Thus, for example, AAPD 05-04 includes clauses which implement:

- 22 U.S.C. § 7631(d)[4], see AAPD 05-04 at 4, 6 (standard provision entitled "Organizations Eligible for Assistance [] (June 2005)";

- 22 U.S.C. § 7631(e)[5], see AAPD 05-04 at 5, 7 (standard provision entitled "Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking (June 2005)", para. (a)); and

- a provision of the Consolidated Appropriations Act, 2005, Pub. Law No.

---

[3] On May 19, 2006, USAID provided the General Counsel of FHI with a copy of the May 18 Order by facsimile.

[4] 22 U.S.C. § 7631(d) provides that "An organization that is otherwise eligible to receive assistance under section 104A of the Foreign Assistance Act of 1961 . . . or under any other provision of this Act . . . to prevent, treat, or monitor HIV/AIDS shall not be required, as a condition of receiving the assistance to endorse or utilize a multisectoral approach to combatting HIV/AIDS, or to endorse, utilize, or participate in a prevention method or treatment program to which the organization has a religious or moral objection."

[5] 22 U.S.C. § 7631(e) provides that "No funds made available to carry out this Act, or any amendment made by this Act, may be used to promote or advocate the legalization or practice of prostitution or sex trafficking.  Nothing in the preceding sentence shall be construed to preclude the provision to individuals of palliative care, treatment, or post-exposure pharmaceutical prophylaxis, and necessary pharmaceuticals and commodities, including test kits, condoms, and when proven effective, microbicides."

108-447, 118 Stat. 2809 (Dec. 8, 2004), Division D, Title II,[6] see AAPD 05-04 at 4, 6 (standard provision entitled "Condoms [] (June 2005)."

Moreover, AAPD 05-04 requires non-governmental organizations that receive funds as a prime recipient under a grant or cooperative agreement with USAID to certify "compliance as applicable with the standard provisions entitled 'Condoms' and 'Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking' . . . ," id. at 6; the latter standard provision is also required to be inserted in all subagreements.  Id. at 5.

Other than paragraph (b) of the standard provision entitled "Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking," which implements 22 U.S.C. § 7631(f), neither these other provisions of AAPD 05-04 nor their underlying statutory authority were challenged in this lawsuit.  Moreover, other than paragraph (b) of the standard provision entitled "Prohibition on the Promotion or Advocacy of the Legalization or Practice of Prostitution or Sex Trafficking," which implements 22 U.S.C. § 7631(f), nothing in this Court's opinion of May 18, 2006, suggests that USAID should be enjoined from enforcing these other provisions or requiring DKT to certify that it is in compliance with them.

Thus, defendants seek to clarify the May 18 Order to make it clear that defendants are not enjoined from enforcing the provisions of AAPD 05-04 in its entirety against DKT, but, instead, that they are enjoined from enforcing AAPD 05-04 against DKT only "to the extent that it requires DKT to certify that it has an institutional policy explicitly opposing prostitution and sex trafficking."  See May 18 Order at 1-2 (declaring AAPD 05-04 unconstitutional as applied to

---

[6] Pub. Law No. 108-447, provides, in pertinent part, that "information provided about the use of condoms as part of projects or activities that are funded from amounts appropriated by this Act shall be medically accurate and shall include the public health benefits and failure rates of such use."  118 Stat. at 2972.

DKT only to this extent).  Similarly, defendants seek to clarify that USAID is not required to inform FHI that "DKT is not required to sign any certification" pursuant to AAPD 05-04 in order to be eligible for USAID funding, but, instead, that it is required to notify FHI that DKT is not required "to certify that it has an institutional policy explicitly opposing prostitution and sex trafficking" in order to be so eligible.  See id.  As described above, these clarifications are wholly consistent with the Court's opinion and with its entry of declaratory relief, and defendants, with plaintiff's consent, respectfully request that the injunctive order entered by the Court on May 18, 2006, be amended accordingly.

## CONCLUSION

For the reasons stated herein, defendants respectfully request that the Court grant this motion, vacate the May 18 Order, and enter a superseding order in the form proposed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

KENNETH L. WAINSTEIN
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

__/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20001
Tel: (202) 514-3146
Fax: (202) 318-7593
rupa.bhattacharyya@usdoj.gov

Dated:  May 25, 2006